IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00616-CMA-NJW

KAMRAN SAHAMI,
KRISTIN WATSON,

Plaintiffs,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER,

Defendant.

---

**DEFENDANT'S RESPONSE TO PLAINTFFS' MOTION TO RECONSIDER ORDER ON MOTION FOR SEPARATE TRIALS**

---

Defendant, Metropolitan State University of Denver (MSUD), through its counsel, the Colorado Attorney General and Assistant Attorney General Leslie Schulze, hereby submits its Response to Plaintiffs' Motion to Reconsider the Order Granting MSUD's Motion for Separate Trials of Plaintiff Kristin Watson's claims and Plaintiff Kamran Sahami's claims.

## FACTUAL BACKGROUND

On July 3, 2018, MSUD filed its Motion for Separate Trials of Plaintiffs, Kamran Sahami's and Kristin Watson's claims against MSUD under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000, *et seq.* In support of its Motion, MSUD identified the widely differing facts, evidence, and theories of recovery surrounding each Plaintiff's claim(s). MSUD also outlined the judicial economy that would be served by, and the reduced potential for prejudice that would result from, trying each Plaintiff's claims separately. On July 18, 2018, the Court granted MSUD's motion.

On August 15, Plaintiffs filed the instant Motion to Reconsider the Court's Order granting separate trials. Plaintiffs' Motion advances no new legal theories or intervening change in the law, nor does it offer new evidence previously unavailable in support of reconsideration. Instead, Plaintiffs only present a different characterization of the evidentiary overlap between each Plaintiff's claims and the judicial economy and prejudice that will result from separate trials.

**LEGAL STANDARDS**

As an initial matter, there is some question as to whether Plaintiffs' Motion to Reconsider should be treated as a motion to alter or amend the court's order under Fed. R. Civ. P. 59(e) or a motion for relief from the judgment under Fed. R. Civ. P. 60(b). Case law interpreting Rules 59(e) and 60 hold that if a motion to reconsider is filed within ten days of the entry of judgment or order, the motion is treated as one to alter or amend the judgment under Rule 59(e); however, a motion filed more than 10 days after the order is treated as one for relief from judgment under Rule 60(b). *See Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002); *see also Rocky Mountain Peace & Justice Center v. U.S. Fish & Wildlife Serv.*, No.17-cv-01210-CMA, 2017 WL 4844641, * 2 (D. Colo. Sept. 29, 2017); *TCR Sports Broadcasting Holding, LLP v. Cable Audit Assocs., Inc.*, No. 13-cv-01803-CMA-CBS, 2016 WL 1170106, *1 (D. Colo. March 25, 2016) (*citing Figueroa v. Am. Bankers Ins. Co. of Fl.*, 517 F.Supp.2d 1266, 1270 (D. Colo. 2006).

On the other hand, the text of Rule 59(e) states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. *See* Fed. R. Civ. P. 59(e). Here, Plaintiffs do not present grounds for relief applicable to a Rule

60(b), motion[1]; Plaintiffs instead seek to alter a substantive ruling of the court. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Therefore, if the Court deems Plaintiffs' Motion timely under Rule 59(e), it may be construed as a motion to alter or amend the judgment.

Regardless of which rule the Court construes the Motion under, the standard of review Plaintiffs must surpass is particularly onerous. *Price v. Philpot*, 420 F.3d 1158, 1168 at n. 9 (10th Cir. 2005). Assuming, without conceding, that Plaintiffs' Motion is timely filed under Rule 59(e), relief is appropriate only when one of three issues is present: i) there is an intervening change in the controlling law; ii) new evidence previously unavailable is identified; or iii) there is a need to correct clear error or prevent manifest injustice. *Figueroa*, 517 F.Supp.2d at 1270 (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2002); *see also Barber ex. rel Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (relief under Rule 59(e) is appropriate only where a court misapprehended the facts, a party's position, or the controlling law); *Jaramillo v. Gov't Employees Ins. Co.*, 573 Fed. App'x 733, 750 (10th Cir. July 29, 2014) (where the movant presented no new facts or legal theories, denial of the motion to reconsider was within the court's discretion).

---

[1] Relief under Rule 60(b) is permissible if the movant demonstrates 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence; 3) fraud or misrepresentation by the nonmoving party; 4) the judgment is void; 5) the judgment has been discharged; or 6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

## ARGUMENT

Plaintiffs' motion to reconsider does not offer any change in law nor evidence previously unavailable. *See* ECF #82, p. 5-6. Accordingly, Plaintiffs must demonstrate manifest or clear error. *Phelps*, 122 F.3d at 1324.[2]

Here, Plaintiffs' Motion to Reconsider may be denied because it does not pinpoint any clear error made by the Court.[3] Instead, Plaintiffs contend generally that the Court prematurely adopted MSUD's recitation of the facts and applicable law. For the reasons reiterated below and in more detail in MSUD's Motion for Separate Trials, the Court did not clearly err in ordering Plaintiffs' claims be tried separately.

*I. Plaintiffs' claims do not arise out of the same transaction or series of transactions.*

Plaintiffs contend that, contrary to MSUD's characterization of the factual circumstances, there are similarities between Plaintiffs' claims. Plaintiffs do not identify any factual inaccuracies or errors in MSUD's presentation of the facts; indeed, Plaintiffs rely on largely the same facts as those already presented to the Court by MSUD.

---

2 The determination to sever claims under Rule 21 or to order separate trials under Rule 42(b) are matters within the broad discretion of the district court. *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir.2010); *New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988); *Precision Fitness Equipment of Pompano Beach, Inc. v. Nautilus, Inc.*, Case No. 08-cv-01228-CMA-KLM, 2010 WL 4054086, *2 (D. Colo. Oct. 14, 2010). Therefore, to demonstrate clear error Plaintiffs must show that the Court's decision to grant separate trials exceeded the bounds of this broad discretion.

3 To the extent Plaintiffs claim that the Court erred in failing to specify whether it was ordering separate trials pursuant to Rule 21 or Rule 42, MSUD does not agree. *See* ECF #82 at p. 5. While severance under Rule 21 ultimately results in separate judgments, whereas separate trials under Rule 42(b) result in one judgment, a court applies the same analysis to a request made under Rule 21 and Rule 42. *See AG Equipment Co. v. AIG Life Ins. Co.*, Case No. 07-cv-0556, 2009 WL 236019, *3 (N.D. Okla. Jan. 29, 2009). The Court may later designate the procedural effect of its ruling that separate trials – however accomplished – are proper.

Specifically, Plaintiffs state that both of their claims allege retaliation by Dr. Black, an ensuing investigation by Dr. Morehouse, and a failure by MSUD to sufficiently respond. Plaintiffs appear to contend that this alone demonstrates that their claims are part of a single transaction or occurrence. ECF #82 at pp. 7-8. They rely on an out of jurisdiction district court case, *Barnhart v. Town of Parma*, 252 F.R.D. 156 (W.D.N.Y. 2008), to support their contention that based on these similarities, separate trials are not proper.[4] In *Barnhart*, however, parallels between the plaintiffs' claims were much greater: plaintiffs both claimed they were subject to same-sex sexual harassment by the same individual, both shared the same supervisor, and both suffered the same discriminatory conduct – denial of vacation leave and overtime, and imposition of similar discipline. *Barnhart*, 252 F.R.D. at 159-60.

MSUD does not dispute that both Plaintiffs claim retaliation based on isolated reports of sexual misconduct by the same MSUD employee. However, for the reasons detailed in MSUD's Motion for Separate Trials, the fact that some of the same witnesses are involved or that limited evidence may overlap does not warrant a joint trial. *See* ECF #67 at p. 10-11.

II. *Plaintiffs' claims involve different legal theories*.

Plaintiffs next contend that because their claims share common questions of law and fact, a single trial is proper. Again, Plaintiffs present no new evidence or intervening law, but instead rely on the facts and legal claims already presented to and considered by the Court. Plaintiffs argue that they will both offer evidence to demonstrate MSUD's

---

4 In *Barnhart* the court was ruling on a motion for joinder, not a motion for separate trials and it specifically noted that it would reconsider its determination upon further discovery. *Barnhart*, 252 F.R.D. at 161.

knowledge of, and inadequate response to, reports of misconduct. Specifically, Plaintiffs contend that both trials will involve similar evidence of MSUD's supposed intent, including evidence of each other's claims.[5]

Plaintiffs identify a single unpublished case, *McCleland v. Montgomery Ward & Co., Inc.*, Case No. 95 C 237, 1995 WL 374185 (N.D. Ill. June 21, 1995) in support of this argument. *McCleland*, once again, involved two plaintiffs with greater similarities. In *McCleland*, both plaintiffs complained of nearly identical sexual harassment by the same supervisor. *Id.* at *1.[6] Contrary to Plaintiffs' contention, the facts presented here are more in line with those examined in *Cartinelle v. Napolitano*, Case No. 08-cv-02223-WJM-BNB, 2011 WL 1135010 (D. Colo. March 29, 2011): separate trials are appropriate where two plaintiffs, each of whom claims they were subject to a hostile work environment, sought to recover for different types of discriminatory treatment, regardless of some overlapping evidence.

*III. Judicial economy is served by separate trials.*

Plaintiffs next argue that judicial economy is better served with two trials. They primarily rely on the presumption that five witnesses will present overlapping testimony: Drs. Sahami, Watson, Black, Morehouse, and Hutto. MSUD admits that there will be some overlap of the actual witnesses called to testify at each trial.[7] However, as MSUD

---

[5] As MSUD argued in its Motion for Separate Trials, MSUD objects to evidence of other reports about Dr. Black. *See* ECF# 67, p. 15 at n. 13. Yet, even were this evidence deemed admissible, any inconvenience from minimal duplication of evidence at two separate trials is substantially outweighed by the prejudice to MSUD and the potential confusion of the issues before the jury were the claims to be tried jointly.

[6] Like *Barnhart*, the court in *McCleland* was considering whether to grant a motion for joinder under Rule 20(b).

[7] MSUD does not believe that any testimony from Dr. Hutto or Dr. Sahami is relevant to Dr. Watson's claims, nor that Dr. Watson's claims are relevant to Dr.

demonstrated, the actual substance of these witnesses' testimony share little to no overlap. The specific testimony that Drs. Morehouse and Black will provide that is relevant to Dr. Sahami's claim has no relevance on Dr. Watson's claim, and vice versa. Therefore, contrary to Plaintiffs' suggestion, little judicial time is saved by having both witnesses testify at a single trial versus testifying at two trials.

*IV. The prejudice to MSUD if Plaintiffs' claims are jointly tried vastly outweighs any inconvenience to Plaintiffs.*

Lastly, Plaintiffs' contention that a joint trial will neither prejudice MSUD nor confuse the jury is without support factually or legally. MSUD described in detail the concerns of prejudice and confusion inherent with a single trial in its Motion for Separate Trials. *See* ECF #67, pp. 13-15. Plaintiffs offer no new evidence or law suggesting that these concerns are invalid, nor do they state how the Court erred in considering prejudice and confusion in its original order. Plaintiffs rely only on the *McCleland* case, contending that because, in some instances, evidence of multiple instances of harassment may be admissible to show an employer's knowledge, a single trial must be proper here. The reasoning set forth in and the precedent cited within MSUD's Motion for Separate Trials suggests otherwise.

**CONCLUSION**

Plaintiffs' Motion to Reconsider does not identify any clear error by the Court as required under Rule 59(e). Instead, it simply asks the Court to adopt Plaintiffs' characterization of legal claims and supporting evidence to be presented. The Court's original ruling that separate trials of Plaintiffs' claims are proper was well within the

---

Sahami's claim, leaving only two overlapping witnesses.

Court's discretion. Separate trials are appropriate both to further judicial economy and prevent prejudice and confusion. Accordingly, MSUD respectfully requests that the Court DENY Plaintiffs' MOTION TO RECONSIDER.

Respectfully submitted on August 28th, 2018.

CYNTHIA H. COFFMAN
Attorney General

*s/Leslie C. Schulze*

LESLIE C. SCHULZE*
Assistant Attorney General

ALISON FARYL KYLES*
First Assistant Attorney General

Civil Litigation and Employment Law Section
Attorneys for Defendant

1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6585
FAX: 720-508-6032
E-Mail: alison.kyles@coag.gov
*Counsel of Record

CERTIFICATE OF SERVICE

I certify that I served the foregoing DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER upon all parties herein by e-filing with the CM/ECF system maintained by the court or by depositing copies of the same in United States mail, first-class postage prepaid, at Denver, Colorado, this 28th day of August, 2018, addressed as follows:

Todd J. McNamara
Mathew Shechter
McNamara & Shechter LLP
1888 N. Sherman St. , Suite 370
Denver, CO 80203
tjm@18thavelaw.com
mss@18thAveLaw.com

____________________________________