IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-00616-CMA-NYW

KAMRAN SAHAMI, and
KRISTIN WATSON,

    Plaintiffs,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER,

    Defendant.

---

### ORDER ON PLAINTIFFS' MOTION TO RECONSIDER

---

This matter comes before the Court on Plaintiffs' Motion, brought pursuant to Federal Rule of Civil Procedure 59(e)[1], requesting that this Court reconsider its Order Granting Defendant's Motion for Separate Trials. (Doc. ## 67, 76, 82.) For the following reasons, the Court declines to reconsider its Order and maintains that separate trials are appropriate.

---

[1] The Court denies Defendant's request that it construe Plaintiffs' motion as falling under Rule 60. Rule 59(e) applies to motions "to alter or amend a judgment" filed no later than "28 days after the entry of judgment." Rule 60 applies to motions filed within "a year after the entry of the judgment." Generally, "[w]hich rule applies to a motion depends essentially on the tim[ing of the] motion." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Furthermore, the Tenth Circuit has held that a motion will be considered under Rule 59(e), "when it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1323–24 (10th Cir. 1997). Plaintiffs filed their motion within 28 days, self-style it as a Rule 59(e) request, and request the reconsideration of matters encompassed in the Court's merits decision. The motion properly falls under Rule 59(e).

Relief under Rule 59(e) is reserved for extraordinary circumstances and should only be granted due to (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *Figueroa v. Am. Bankers Ins. Co. of Fla.*, 517 F. Supp. 2d 1266, 1270 (D. Colo. 2006). Plaintiffs argue that reconsideration is warranted under the third circumstance—primarily to correct clear error by the Court—because (1) the Court did not await Plaintiffs' response and (2) there is significant overlapping evidence supporting a single trial on all claims in this litigation. The Court disagrees.

First, "nothing in [the local federal rules] precludes a judicial officer from ruling motion at any time after it is filed." D.C.COLO.LCivR 7.1(d). The Court did not therefore err in ruling in a speedy manner, particularly considering that the Court and the parties were simultaneously attempting to set this matter for trial. Moreover, that the Court granted the motion "for the reasons stated [in Defendant's motion]," (Doc. # 76), does not mean that the Court "adopt[ed] Defendant's version of contested factual and legal matters" as Plaintiffs' contend (Doc. # 84 at 6). This case has been pending since March 2017. Thus, before the Court was, among other things, the Complaint, Answer, Scheduling Order, briefing on two Motions for Summary Judgment, and a Final Pretrial Order—all of which address the claims at issue in this case. This Court reviewed these and other documents in the record to assess the nature of each Plaintiff's claims. The Court also reviewed the case law relevant to the Court's decision on severance. After doing so, the Court found persuasive Defendant's legal argument for separating the

trials under Federal Rule of Civil Procedure 21[2]. The Court did not, however, find in Defendant's favor with respect to any of the contested factual or legal issues governing liability in this case. Thus, the Court is rather perturbed by Plaintiffs' insinuation that this Court blindly adopted Defendant's contentions without conducting its own factual and legal analysis. Plaintiffs' argument is wholly without merit.

Second, as this Court concluded in its order, the Plaintiffs' claims in this case are better suited for severed trials. Rule 21 gives this Court "considerable discretion" when deciding whether to "sever any claim against a party." *See, e.g.*, *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1371 (10th Cir. 1998). Claims may be severed under Rule 21 "when the claims asserted do not arise out of the same transaction or do not present some common question of law or fact." *Preacher v. Wiley*, 2009 WL 6409350, at *2 (D. Colo. Nov. 20, 2009). Moreover, "[w]hen determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *E.g.*, *Tab Exp. Int'l, Inc. v. Aviation Sim Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003).

These considerations support severing the Plaintiffs' claims moving forward. They do not arise from the same transaction and do not present the same questions of law or fact. Plaintiffs—one tenured professor and another non-tenured faculty member—each bring claims of retaliation based on independent incidents of alleged misconduct separated in time and resulting in distinct employment actions. Only one

---

[2] Plaintiffs note that the Court's Order did not specify whether Rule 21 or 42(b) governs the separate trials in this case. To be clear, the Court separated the trials pursuant to Rule 21. Indeed, the Court's Order granted Defendants' Motion for the reasons set forth therein, including Defendants' contention that severance under Rule 21 is appropriate. (Doc. # 67 at 7.)

3

Plaintiff brings a second claim for gender discrimination. The Plaintiffs did not work in the same department or have the same supervisor, and the circumstances leading to their retaliation claims share minimal similarities. That both suits allege retaliation and/or discrimination by the same MSU staff members does, by itself, support joinder of the claims. Any overlapping allegations are outweighed by the risk of substantial prejudice to Defendant associated with a joint trial and the need to expediently and efficiently try the claims.[3] Moreover, Plaintiffs' request for reconsideration provides this Court with no new information not presently before it when issuing the challenged Order, and the Court sees no reason to reconsider the outcome.

For these reasons, the Court, in its considerable discretion, DENIES Plaintiffs' Motion to Reconsider its Order Granting Defendant's Motion for Separate Trials. (Doc. # 82.) Pursuant to that Order and in accordance with Rule 21, Plaintiffs' claims will be tried as entirely independent actions, resulting in two separate judgments entered thereon. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 & n.8 (10th Cir. 1991).

DATED: August 31, 2018

BY THE COURT:

*[signature: Christine M. Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge

---

[3] Notably, Plaintiffs do not argue that they would be prejudiced by severed trials. Plaintiffs only generally contend that judicial efficiency and expediency would be served by a joint trial; they base their entire argument on the fact that the claims involve several of the same witnesses. The Court finds that witness overlap is an insufficient reason to support trying Plaintiffs' claims together, particularly considering that the substance of these witnesses' testimony with respect to each Plaintiff's claims appears substantially, if not entirely, distinct.