**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-00616-CMA-NYW

KAMRAN SAHAMI, and
KRISTIN WATSON,

    Plaintiffs,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF WATSON'S CLAIMS**

---

This matter comes before the Court on Defendant's Motion for Summary Judgment on Plaintiff Watson's Claims. (Doc. # 41.) Defendant argues that it is entitled to summary judgment on both Plaintiff's Title VII retaliation claim as well as Plaintiff's Title VII discrimination claim. (*Id.* at 19, 35.) However, because genuine issues of material fact govern this dispute, the Court denies Defendant's motion.

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Id.* A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return

a verdict for the nonmoving party. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.*

Among others, the following material facts are genuinely disputed:

- Whether the events leading to the end of Plaintiff's employment with Defendant were initiated and carried out, at least in part, with the goal of ensuring that Plaintiff's employment was terminated after she expressed concerns about discrimination perpetrated by Defendant's faculty. (Doc. # 49 at 17.)
- The extent to which Dr. Black—whose conduct was the basis for Plaintiff's discrimination claim—was actually involved in the decision-making process that led to the end of Plaintiff's employment. (*Id.* at 22–25.)
- The extent to which Defendant was aware of Plaintiff's discrimination claims. (*Id.* at 20.)
- Whether the decision to end Plaintiff's employment was due to her status as a member of a protected class. (*Id.* at 26.)

Contrary to Defendant's assertions that these facts are undisputed, Plaintiff's brief in response to the instant motion (Doc. # 49) strongly suggests otherwise. Viewing the facts in the light most favorable to Plaintiff, it is evident that there are genuine disputes of material fact due to the contrasting factual narratives that the parties present. Accordingly, summary judgment is not warranted at this time.

Therefore, it is ORDERED that Defendant's Motion for Summary Judgment on Plaintiff Watson's Claims (Doc. # 41) is DENIED.

DATED: 11/19/2018

BY THE COURT:

*Christine M. Arguello*
CHRISTINE M. ARGUELLO
United States District Judge