**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 17-cv-00616-CMA-NYW

KAMRAN SAHAMI, and
KRISTIN WATSON,

    Plaintiffs,

v.

METROPOLITAN STATE UNIVERSITY OF DENVER,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO PLAINTIFF SAHAMI'S CLAIMS**

---

This matter comes before the Court on Defendant's Motion for Summary Judgment as to Plaintiff Kamran Sahami's Claims. (Doc. # 45.) Defendant argues that Plaintiff's Title VII retaliation claim fails as a matter of law. (*Id.* at 10.) However, because genuine issues of material fact govern this dispute, the Court denies Defendant's motion.

Summary judgment is warranted when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Turnkey Sols. Corp. v. Hewlett Packard Enter. Co.*, No. 15-cv-01541-CMA-CBS, 2017 WL 3425140, at *2 (D. Colo. Aug. 9, 2017). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Id.* A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return

a verdict for the nonmoving party. *Id.* When reviewing motions for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Id.*

Among others, the following material facts are genuinely disputed:

- Whether Defendant's initiation of investigatory procedures—which ultimately led to disciplinary action that increased the severity of the consequences Plaintiff would face if he were disciplined again in the future—was actually retaliation against Plaintiff for investigating and raising concern about sexual harassment claims perpetrated by Defendant's faculty. (Doc. # 52 at 17–21.)
- Whether Dr. Black's formal complaint against Plaintiff, which Plaintiff alleges was based in part on Dr. Black's suspicion that Plaintiff was assisting a former faculty member's sexual harassment complaint against Dr. Black, significantly influenced the subsequent investigation against Plaintiff. (*Id.* at 14.)
- Whether Defendant conducted its investigation into Plaintiff in a manner that constitutes retaliation against Plaintiff for raising concerns about sexual harassment. (*Id.* at 23.)

Contrary to Defendant's assertions that these facts are undisputed, Plaintiff's brief in response to the instant motion (Doc. # 52) strongly suggests otherwise. Without, at the very least, weighing the evidence supporting the parties' opposing versions of the facts referenced above, the Court cannot resolve this dispute. Therefore, viewing the

facts in the light most favorable to Plaintiff, it is evident that there are genuine disputes of material fact, and summary judgment is not warranted at this time.

Accordingly, it is ORDERED that Defendant's Motion for Summary Judgment as to Plaintiff Kamran Sahami's Claims (Doc. # 45) is DENIED.

DATED: November 19, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge